United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03 – 41578
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SERGIO CHAVEZ,

Defendant - Appellant.

_____

On Appeal from the United States District Court for the
Southern District of Texas
(C-03-CR-196-1)

_____

Before REYNALDO G. GARZA, JONES, and SMITH, Circuit Judges.

PER CURIAM:[1]

In this appeal, we review Sergio Chavez's conviction for possession with intent to distribute 18 kilograms of cocaine. Chavez argues that the district court should have suppressed evidence of the cocaine seized from his vehicle at the Sarita Border Patrol Checkpoint because he claims that the search of the back seat of his vehicle by border patrol agents was involuntary.

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

When Chavez was stopped at the checkpoint, the border patrol agent smelled BenGay, a common odor-masking agent, and noticed that Chavez was nervously avoiding eye contact. The agent then asked Chavez if he could open the back door of his vehicle. Chavez testified that he assented to the agent's request to open the back door. Chavez argues that by assenting he did not, however, grant the agent permission to actually look inside the vehicle. Regardless, upon opening the back door of the vehicle, the officer saw that the carpet was loose and that a nut was missing from one of the back seats. The officer also noticed an anomaly on the vehicle's rear tires. The officer then asked Chavez if he could perform a free-air canine search. When the canine alerted to the rear wheel section of the vehicle, a further examination was conducted and 18 kilograms of cocaine were found.

After conducting a hearing on Chavez's motion to suppress, the district court held that even if the initial search of Chavez's vehicle was prohibited, the cocaine was nevertheless admissible under the inevitable discovery exception to the exclusionary rule. We review the evidence in the light most favorable to the Government, the prevailing party. *United States v. Foy*, 28 F.3d 464, 474 (5th Cir. 1994).

Under the inevitable discovery exception to the exclusionary rule, evidence that is otherwise suppressible is admitted if it

would inevitably have been discovered without the aid of the illegally obtained evidence. *United States v. Singh*, 261 F.3d 530, 535 (5th Cir. 2001). The border patrol agent testified that had Chavez refused the agent's request to open his vehicle's back door, the agent would have sent the vehicle to secondary inspection for a free-air canine search. Chavez's consent was not necessary to perform a free-air canine search at secondary inspection. *United States v. Duffaut*, 314 F.3d 203, 208 (5th Cir. 2002).

Thus, the district court correctly held the fruits of the canine search, the 18 kilograms of cocaine, admissible under the inevitable discovery exception. Chavez's conviction is therefore AFFIRMED.